■ In the Matter of Louis H. EARLY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, Respondent. [615 NYS2d 501] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

In this CPLR article 78 proceeding, petitioner seeks annulment of a prison disciplinary determination which found him guilty of a violation of a prison rule prohibiting counterfeiting and forgery. The finding resulted from a misbehavior report authored by a correction officer, which contained several charges and stated that petitioner had admitted making a copy of his "Furlough Information Form", deleting information relative to him with "white out", photographing the deleted form, filling in relevant information for another inmate and signing the other inmate's name to the form. The other inmate had applied for a furlough but his request had not been approved. Thus, the charges against petitioner centered around his attempt to obtain an unauthorized furlough for another inmate by means of forging the request form.

Petitioner's admissions, alleged in the misbehavior report,

were supported by the testimony of the other inmate. Petitioner, however, claimed he received permission from Correction Officer T. Healy to photocopy the form and make the alterations. Healy testified that he allowed petitioner to copy files, but he did not testify that petitioner was given permission to fill in blanks on a Furlough Information Form on behalf of another inmate. Based on the misbehavior report, testimony and other evidence, petitioner was found guilty of various charges against him. On administrative appeal, which is the determination that we review here, only the charge of altering and forging a document was sustained. The other charges were dismissed.

We find that the misbehavior report, which contains petitioner's own admissions, and the testimony of the author of that report support the charge that petitioner altered and forged a Furlough Information Form (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). The testimony of Healy, relied on by petitioner, was equivocal at best and presented an issue of credibility for the Hearing Officer (see, Matter of Perez v Wilmot, 67 NY2d 615, 617).

Contrary to petitioner's contention, he was not deprived of the testimony of Correction Sergeant Buehler. He failed to object at the hearing or to raise the issue in his administrative appeal, and cannot raise the issue for the first time in this proceeding (see, Matter of Bates v Coughlin, 145 AD2d 854, lv denied 74 NY2d 602). Petitioner's further claim that he was wrongfully deprived of the testimony of Chaplain Cook, which was preserved, has been rendered moot by the dismissal on administrative appeal of the charge of making a false statement, as to which Cook would have testified.

Respondent's determination should be confirmed and the petition dismissed.

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.