■ In the Matter of MARK P. McNAMARA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [736 NYS2d 635] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a chapel aide, was charged with violating several prison disciplinary rules after a correction officer observed him at his desk in the chapel typing a letter on paper bearing the letterhead of the facility's Coordinating Chaplain, John Gainey. The letter was addressed to the Salvation Army and sought as-sistance "for an inmate and his family" who were at odds with the facility's administration over interpreting the terms of a Family Court order of visitation. This correspondence was interpreted by the reporting officer as a request made by petitioner for assistance with his personal legal problems while impersonating Gainey by corresponding on his letterhead stationery.

At petitioner's disciplinary hearing, Gainey testified that he had authorized petitioner, as his chapel aide, to prepare letters for his subsequent approval and signature, some of which were sent to organizations seeking donations of books and other items needed by the prison ministry. Gainey stated, however, that he had not authorized the letter to the Salvation Army soliciting legal assistance on behalf of an anonymous inmate.

Petitioner was found guilty of the charges of unauthorized

solicitation of goods or services and of forging or counterfeiting a facility document. Substantial evidence of petitioner's guilt of the charge of unauthorized solicitation was presented in the form of the misbehavior report, together with the attached copy of the letter to the Salvation Army typed by petitioner on Gainey's letterhead stationery, and the testimony given by Gainey that the letter had not been authorized by him (*see, Matter of Early v Coughlin*, 207 AD2d 588, 589). The same documents and testimony constituted substantial evidence that petitioner violated the rule that prohibits forging or counterfeiting a facility document. Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.