■ In the Matter of JONATHAN TORRES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [759 NYS2d 705] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplin-

ary rule prohibiting inmates from making threats. The misbehavior report related that a letter found in petitioner's cell had identified an inmate called "Noble" as a "snitch" who had assisted the Inspector General's office in its investigation of gang-related activity at the prison. The letter concluded with an implied death threat against the inmate.

Substantial evidence of petitioner's guilt was presented in the form of the misbehavior report, the confiscated letter, and the testimony of the correction officer who prepared the misbehavior report after finding the letter in petitioner's cell and comparing the handwriting therein to exemplars of petitioner's handwriting (*see Matter of Surdis v Walsh,* 295 AD2d 735, 736 [2002]; *Matter of Burgess v Goord,* 269 AD2d 722, 723 [2000]). Petitioner's assertion that he did not write the letter raised an issue of credibility for resolution by the Hearing Officer (*see Matter of Nelson v Selsky,* 239 AD2d 795 [1997]).

The contention that petitioner was denied adequate employee representation in preparing for his disciplinary hearing is not supported by the record as there is no indication that his assistant was other than capable and accommodating (*see Matter of Thomas v Goord,* 286 AD2d 839, 840 [2001], *lv dismissed* 97 NY2d 699 [2002]) or that petitioner's case was prejudiced by any perceived omission on his assistant's part (*see Matter of Webb v Goord,* 269 AD2d 641 [2000]). The remaining assertions raised herein have been reviewed and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.