■ In the Matter of RONALD ATKINS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [792 NYS2d 669]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Central Office Review Committee which denied petitioner's grievance.

Petitioner filed a grievance against a correction officer alleging that he had been the victim of harassment. According to petitioner, the correction officer angrily confronted him, called him "stupid" and used profanities after he complained to a sergeant regarding the condition in which his cell was left after it had been searched by the correction officer. After an investigation, respondent Superintendent of Sullivan Correctional Facility denied the grievance and the determination was upheld upon administrative appeal. Petitioner then commenced this proceeding challenging the determination and Supreme Court transferred the petition to this Court pursuant to CPLR 7804 (g).

Initially, we note that although petitioner alleges that the determination is not supported by substantial evidence, insofar as this proceeding is not "premised upon evidence received in the context of a true adjudicatory hearing, as contemplated by CPLR 7803 (4)" (*Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96 [1998]; *see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]; *Matter of Save the Pine Bush v Planning Bd. of City of Albany*, 83 AD2d 741, 741 [1981]), it was improperly transferred to this Court by Supreme Court. Nevertheless, in the interest of judicial economy, we have retained jurisdiction and have examined the merits of the petition.

The record reveals that the correction officer admitted speaking to petitioner, but denied petitioner's other allegations. Another inmate confirmed that the correction officer had told petitioner to get away from him, but did not otherwise corroborate petitioner's complaint. The sergeant confirmed that the correction officer had searched petitioner's cell and, upon discovering a fan that did not belong to him, issued petitioner a misbehavior report. Insofar as the investigation failed to substantiate petitioner's allegations, the denial of his grievance was not arbitrary, capricious or affected by error of law (*see Matter of Gibbs v Miller*, 10 AD3d 785, 787 [2004]; *Matter of Zulu v Egan*, 1 AD3d 649, 649-650 [2003]). Accordingly, we find no reason to disturb the determination. Petitioner's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.