■ In the Matter of KEVIN THERRIEN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [799 NYS2d 315]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As related in the misbehavior report, various items, including blank letterhead from the chambers of a county judge and that of a District Court's clerk, as well as blank notice of time and place of hearing papers which order that an inmate appear in court, were confiscated during a search of petitioner's cell. At the conclusion of a disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules against possessing unauthorized identification papers, conspiracy to impersonate and possession of contraband. On administrative appeal, however, the determination was modified by dismissing all charges except for the possession of contraband, and the penalty was adjusted accordingly. This CPLR article 78 proceeding ensued.

Unless listed in rules 113.10 through 113.22 of the standards for inmate behavior (7 NYCRR 270.2 [B] [14] [i]-[xiii]), all items are contraband unless the inmate is authorized by the superintendent to possess them. Petitioner was not so authorized, so the items seized constitute contraband in accordance with rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]). The misbehavior report which describes the blank letterhead from a state judge and federal court clerk and blank notice of time and place of hearing papers found in petitioner's cell and the Hearing Officer's

review of the papers provide substantial evidence to support the determination of guilt (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *see e.g. Matter of McNamara v Goord*, 290 AD2d 909 [2002]; *Matter of Sweeter v Coughlin*, 221 AD2d 741 [1995]). Petitioner's remaining contentions are either unpreserved for our review or are irrelevant to the charge at issue.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.