■ In the Matter of GUSTAVO NINA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [825 NYS2d 589]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was involved in a physical altercation with two other inmates which, despite direct orders to desist, required

the physical intervention of correction officers. Petitioner received a misbehavior report charging him with disobeying a direct order and fighting. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. Thereafter, the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, together with the documentary evidence and the testimony of the two correction officers who witnessed the event, provide substantial evidence supporting the determination of guilt (*see Matter of Vizcaino v Selsky*, 26 AD3d 574 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Smith v Goord*, 255 AD2d 1007 [1998]). Petitioner's exculpatory statements as to the nature of the altercation presented a credibility issue for the Hearing Officer to resolve (*see Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714, 714-715 [2002]; *Matter of McGoey v Selsky*, 260 AD2d 814, 815 [1999]).

Petitioner's procedural objections are unpersuasive. The record demonstrates that the hearing was conducted in a fair and impartial manner and the determination did not flow from any alleged bias on the part of the Hearing Officer (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]; *Matter of Sanchez v Selsky*, 8 AD3d 846, 846 [2004]). Additionally, the record shows that petitioner received meaningful assistance inasmuch as petitioner was provided with all the documentation which he requested, he was afforded time to review further documentation during the hearing and his employee assistant testified as to the assistance provided petitioner. Finally, petitioner's contention that the misbehavior report inadequately described his specific role by describing it as fighting with two other inmates is without merit (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]; *Matter of Parker v Laundree*, 234 AD2d 727 [1996]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.