In the Matter of REYNALDO AGOSTO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [834 NYS2d 402]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After two inmates were found to be in possession of forged certificates indicating that they had completed aggression replacement training, petitioner was charged in a misbehavior report with forgery, stealing and altering state property. After a tier III disciplinary hearing, he was found guilty of forgery. The determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner argues that the hearing was not timely commenced. We disagree. Pursuant to 7 NYCRR 251-5.1 (a), where an inmate is confined pending a disciplinary hearing, the hearing must be commenced within seven days of such confinement. In calculating that period, the day the misbehavior report is written is excluded (*see Matter of Infante v Selsky*, 299 AD2d 612, 613 [2002]; *Matter of Carrelero v Goord*, 284 AD2d 679, 679 [2001]). In this case, the misbehavior report was written on January 6, 2006 and the hearing commenced on January 13, 2006. The hearing was, therefore, timely commenced. Moreover, the Hearing Officer, believing that the hearing had to be commenced by

January 12, 2006, had already requested an extension, which was properly granted based on the officer's prior unavailability (*see Matter of Farrell v Selsky*, 32 AD3d 1103, 1104 [2006]).

The misbehavior report, the testimony of the investigating officers and the documentary evidence provide substantial evidence to support the determination of guilt (*see Matter of Tarantola v Selsky*, 32 AD3d 1102, 1102 [2006]; *Matter of Santana v Selsky*, 23 AD3d 722, 723 [2005]). The contrary testimony of petitioner and his inmate witness presented a credibility issue for the Hearing Officer to resolve (*see Matter of Thomas v Goord*, 34 AD3d 1143, 1144 [2006]; *Matter of Moore v Goord*, 17 AD3d 816, 816 [2005]). Although the documents were not compared by a handwriting expert, the Hearing Officer's own analysis and his finding of sufficient similarities between the forged documents and petitioner's handwriting samples are enough to sustain the determination (*see Matter of Santana v Selsky, supra* at 723; *Matter of Burgess v Goord*, 269 AD2d 722, 723 [2000]). Finally, upon our review of the record, we find no evidence that the determination flowed from any alleged bias on the part of the Hearing Officer (*see Matter of Nina v Selsky*, 35 AD3d 1049, 1050 [2006]). Petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.