■ In the Matter of EDWIN GARCIA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [852 NYS2d 420]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After a search of petitioner's prison cell resulted in the discovery of 29 identification card-size photographs of petitioner, as well as his prison identification photograph, he was charged with violating several prison disciplinary rules. Following a tier III hearing, petitioner was found guilty of possession of contraband, but not guilty of the other charges. The determination was affirmed upon administrative review, prompting the commencement of this CPLR article 78 proceeding.

Significantly, all items possessed by inmates, unless they have been "specifically authorized" by the superintendent or the local rules of the facility, constitute contraband (7 NYCRR 270.2

[B] [14] [xiii]). Here, petitioner contends that he was provided with his prison identification photograph by a Department of Correctional Services counselor and, therefore, he was authorized to possess it. However, that claim was refuted by the counselor at the hearing, thus raising a credibility issue for the Hearing Officer to resolve (*see Matter of Ackridge v Ekpe*, 43 AD3d 509, 509 [2007]; *Matter of Agosto v Selsky*, 39 AD3d 1106, 1107 [2007]). In any event, regardless of petitioner's arguments concerning his prison identification photograph, notably, he fails to address his possession of the 29 other photographs that the Hearing Officer determined to be contraband. Inasmuch as the misbehavior report, hearing testimony, petitioner's admission to possessing the photographs and the confiscated material provided substantial evidence to support the finding of guilt, we find no basis to disturb the Hearing Officer's determination (*see Matter of Coleman v Selsky*, 40 AD3d 1328, 1328-1329 [2007]; *Matter of Burgess v Goord*, 30 AD3d 877, 878 [2006]; *Matter of Therrien v Goord*, 20 AD3d 838, 838-839 [2005]).

Next, we do not agree with petitioner's argument that the prison disciplinary rule at issue herein (*see* 7 NYCRR 270.2 [B] [14] [xiii]) is too vague to give him notice that the photographs constituted contraband (*see Matter of Hughes v Goord*, 300 AD2d 789, 789-790 [2002]; *Matter of Gittens v Coughlin*, 184 AD2d 812, 813 [1992]).

Finally, we have considered petitioner's remaining contentions, including his assertion that the appeal process is futile because he served his time in "keeplock" prior to the resolution of his administrative appeal (*see Matter of Beyah v Scully*, 143 AD2d 903, 903 [1988]), and find them to be unpersuasive.

Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.