■ In the Matter of CHRISTOPHER MOORE, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [854 NYS2d 827]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an investigation, it was determined that petitioner had composed two letters, one unsigned and one signed with the name of petitioner's cellmate, which contained threats against a correction officer. As a result, petitioner was charged with violating certain prison disciplinary rules. Following a tier III disciplinary hearing, petitioner was found guilty of making threats, engaging in conduct involving the threat of violence, engaging in unauthorized organizational activities, harassment, impersonation and making a false alarm. Upon

administrative appeal, the charges of engaging in unauthorized organizational activities and making a false alarm were dismissed and the penalty imposed was reduced. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the hearing testimony of the correction officer who authored it and the offending letters, along with the sample of petitioner's handwriting, provide substantial evidence to support the determination of guilt (*see Matter of Agosto v Selsky*, 39 AD3d 1106, 1107 [2007]; *Matter of Hood v Goord*, 36 AD3d 1064, 1065 [2007]). Contrary to petitioner's contention, expert handwriting analysis testimony was not required as the independent assessment of the writing samples by the Hearing Officer was sufficient (*see Matter of Agosto v Selsky*, 39 AD3d at 1107; *Matter of Hood v Goord*, 36 AD3d at 1065). Petitioner's claim that he did not write the letters presented a credibility issue for the Hearing Officer to resolve (*see Matter of Torres v Goord*, 306 AD2d 592, 593 [2003], *lv denied* 100 NY2d 515 [2003]). Finally, the Hearing Officer properly refused to call witnesses who had no personal knowledge of the incident (*see Matter of Hannah v Burge*, 43 AD3d 1234, 1234 [2007]; *Matter of Williams v Goord*, 27 AD3d 808, 809-810 [2006]).

Petitioner's remaining contentions, including his claim that the investigation of the incident was inadequate, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.