■ In the Matter of DAVID MARTINEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [862 NYS2d 632]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer confiscated a soda can from his secured hospital room, petitioner struck the officer and became involved in a physical altercation. He was thereafter charged in a misbehavior report with assaulting staff and interfering with an employee. Petitioner was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and testimony presented at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Abdul-Khaliq v Goord*, 34 AD3d 872, 872 [2006]; *Matter of Green v Goord*, 26 AD3d 562, 563 [2006]). While petitioner denied assaulting the officer, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Wilson v Goord*, 23 AD3d 727 [2005]). Moreover, we find no merit to petitioner's claim that he was improperly denied the testimony of an inmate witness inasmuch as this witness executed a written refusal form sufficiently explaining his absence (*see Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]; *Matter of Claudio v Selsky*, 4 AD3d 702, 703 [2004]). Finally, petitioner's claim that he was denied adequate employee assistance is not substantiated by the record and, in any event, there has been no showing that he was prejudiced (*see Matter of White v Selsky*, 3 AD3d 762, 763 [2004]).

Peters, J.P., Rose, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.