█ In the Matter of Isaias Bermudez, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [865 NYS2d 400]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules and (2) three determinations of the Central Office Review Committee which denied petitioner's grievances.

Petitioner was charged in a misbehavior report with stalking, harassment and possession of contraband after three drawings were found on his cell wall that depicted semi-nude women resembling two female correction officers employed at the facility in which he was housed. Following a tier III disciplinary hearing, petitioner was found guilty as charged. That determination was modified on administrative appeal, dismissing the finding of guilt for stalking, and the penalty imposed was modified accordingly. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

The misbehavior report, together with the hearing testimony of its author and the female correction officers depicted in the drawings, provide substantial evidence to support the determination finding petitioner guilty of harassment (*see Matter of Jean-Laurent v David*, 51 AD3d 1229, 1230 [2008], *appeal dismissed* 11 NY3d 769 [2008]; *Matter of Martin v Goord*, 46 AD3d 1294, 1295 [2007]). Although petitioner argues that the determination finding him guilty of possession of contraband is not supported by the evidence because inmates are permitted to possess drawing materials, here the alleged contraband was the offending drawings themselves, which were not "specifically authorized" by the facility superintendent, but which petitioner admits were made and possessed by him (7 NYCRR 270.2 [B] [14] [xiii]). Thus, substantial evidence also supports the determination of guilt with respect to that charge (*see Matter of Garcia v Selsky*, 48 AD3d 931, 931-932 [2008], *appeal dismissed* 10 NY3d 909 [2008]; *Matter of Therrien v Goord*, 20 AD3d 838, 838 [2005]). We are not persuaded by petitioner's contentions that he was denied his right to submit evidence at the hearing, the Hearing Officer was biased or the disposition was not rendered in a timely manner.

Petitioner also contests determinations that denied three grievances he filed in August 2007 pertaining to limited access to the law library while he was confined in special housing, facility radio programming and harassment.* Initially, we note that where petitioner was unable to personally access the law library because of disciplinary measures, the directive limiting two items daily was not arbitrary and capricious and had a rational basis (*see Matter of Cabassa v Goord*, 40 AD3d 1281, 1281 [2007]; *Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). Moreover, the review committee stated that petitioner could request increased access for upcoming legal deadlines. With regard to petitioner's challenges to the determinations on his remaining grievances, they must be dismissed as moot inasmuch as petitioner has since been transferred from the facilities where the grievances arose (*see Matter of Medina v New York State Dept. of Correctional Servs.*, 43 AD3d 1236, 1236 [2007]; *Matter of Lou v Brown*, 38 AD3d 1138, 1138 [2007]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur.

---

* Although Supreme Court improperly transferred that part of the proceeding seeking review of the three determinations denying petitioner's grievances (*see Matter of Atkins v Goord*, 16 AD3d 1011, 1012 [2005]; *see e.g. Matter of Whaley v Goord*, 47 AD3d 1132 [2008]), we will retain jurisdiction with respect to these determinations in the interest of judicial economy.

Adjudged that the determinations are confirmed, without costs, and petition dismissed.