█ In the Matter of PATRICK SUTHERLAND, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [876 NYS2d 771]—

Motion for reargument. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ordered that the motion is granted, without costs, and the memorandum and order of this Court decided and entered November 6, 2008 (56 AD3d 833 [2008]) is vacated and the following decision is substituted therefor:

Appeal from a judgment of the Supreme Court (Devine, J.), entered December 11, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior

report with facilitating a work stoppage and creating a disturbance. At the ensuing tier III disciplinary hearing, petitioner was found guilty of both charges. That determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding seeking annulment. Supreme Court dismissed the petition and this appeal followed.

We affirm. Contrary to petitioner's assertion, the Hearing Officer properly refused to call certain civilian witnesses because they had no personal knowledge of the incident and, thus, their testimony would have been redundant or irrelevant to the charges (*see Matter of Morris v Goord*, 50 AD3d 1327, 1327 [2008]; *Matter of Moore v New York State Dept. of Correctional Servs.*, 50 AD3d 1350, 1351 [2008]; *Matter of Hannah v Burge*, 43 AD3d 1234 [2007]; *Matter of Lee v Goord*, 36 AD3d 1176, 1177 [2007]). On this issue, we will not consider the witness affidavit attached to petitioner's brief on appeal because that affidavit had not been submitted to the Commissioner of Correctional Services until after the Commissioner had already administratively affirmed the disciplinary determination in question. Thus, the affidavit did not form a basis for the ultimate determination that is the subject of the instant CPLR article 78 proceeding. As for petitioner's contention that he was deprived of adequate employee assistance, any alleged deficiencies were cured by the Hearing Officer during the hearing (*see Matter of Jenkins v Selsky*, 51 AD3d 1239, 1240 [2008]). Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.