■ In the Matter of LORENZO McGRIFF, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [877 NYS2d 917]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered November 30, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following an incident in which petitioner confronted two correction officers, he was charged with two counts each of creating a disturbance, harassment, interfering with an employee and refusing a direct order, and one count of making threats. A tier III disciplinary hearing was held, after which petitioner was found guilty of two counts of harassment and one count each of creating a disturbance, interfering with an employee, refusing a direct order and making threats. After an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's contention, he was not improperly denied the right to call an inmate witness. After the inmate initially refused to testify, as related by the employee assistant, the Hearing Officer arranged for contact with the inmate, who thereafter signed a written refusal to testify based upon lack of knowledge about the incident. We find that the Hearing Officer's reliance on the signed refusal, coupled with the employee assistant's form indicating that the witness would not testify, was more than adequate, and the Hearing Officer was not required to personally interview the inmate (*see Matter of Martinez v Selsky*, 53 AD3d 989 [2008]; *Matter of Heron v Goord*, 15 AD3d 700, 701 [2005]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Cardona, P.J., Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.