■ In the Matter of REGINALD McFADDEN, Appellant, v D. VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [885 NYS2d 377]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered May 7, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following an incident during which petitioner, an inmate, yelled at a correction officer and threatened to "have [his] brother come up here and kill [the officer's] whole family," he received a misbehavior report which charged him with threats and harassment of an employee. Following a tier III disciplinary

hearing, petitioner was found guilty and the determination was upheld on administrative appeal. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed petitioner's application and he now appeals.

We affirm. We first reject petitioner's claim that the Hearing Officer failed to make a meaningful effort to determine why certain inmate witnesses refused to testify. Where an inmate witness has not previously agreed to testify and the reason for his or her refusal appears in the record, an inmate will not be said to have been deprived of the right to present witnesses (see *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]; *Matter of Moore v Senkowski*, 13 AD3d 683, 684 [2004]). Here, there is nothing in the record to indicate that the inmates in question ever agreed to testify, and petitioner acknowledged during the hearing that he had been informed by his employee assistant that the witnesses refused because they had no knowledge of the incident. Similarly, the Hearing Officer did not err in denying the request to call correction officers Chase and Barber, inasmuch as petitioner admitted during the hearing that neither officer was present during the incident and, thus, their testimony would have been irrelevant (see *Matter of Sutherland v Selsky*, 61 AD3d 1188, 1189 [2009]; *Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]). Moreover, the failure to provide a written explanation for such refusal does not warrant annulment because the reason for the denial was evident from the record (see *Matter of Perretti v Fischer*, 58 AD3d 999, 1002 [2009], *lv denied* 12 NY3d 709 [2009]).

To the extent that petitioner claims that the misbehavior report was given to him in retaliation for an earlier grievance he had filed against the author of the report, we find this created a credibility issue to be resolved by the Hearing Officer (see *Matter of Odom v Selsky*, 58 AD3d 1060, 1061 [2009]; *Matter of Zaire v Artus*, 49 AD3d 945, 946 [2008]). Lastly, we find that, although the final stages of the hearing did not appear in the transcript, the material omitted does not preclude meaningful review (see *Matter of McIver v Goord*, 37 AD3d 943, 944 [2007]; *Matter of Campbell v Stinson*, 269 AD2d 631, 631 [2000], *appeal dismissed* 95 NY2d 848 [2000]) particularly here, where petitioner admitted during the hearing both that he was yelling at the officer and that he made a threat.

Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.