■ In the Matter of RICHARD SUNDAY IFILL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [913 NYS2d 789]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review five determinations which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging one tier II and four tier III prison disciplinary determinations. Initially, we note that the Attorney General has advised this Court that the September 3, 2008 disciplinary determination has been administratively reversed and expunged from petitioner's institutional record. Accordingly, petitioner has received all the relief to which he is entitled and that part of the petition is dismissed as moot (*see Matter of Weems v Fischer*, 75 AD3d 681, 682 [2010]). Additionally, inasmuch as there is no proof in the record that petitioner exhausted his administrative remedies by filing an administrative appeal from the August 5, 2008 determination, his challenge to that determination is precluded (*see Matter of Hendricks v Franklin Correctional Facility*, 249 AD2d 856 [1998]).

With respect to the August 1, 2008 determination, petitioner was charged in a misbehavior report with soliciting, possessing contraband, unauthorized selling, false information, unauthorized documentation and violating facility correspondence rules. The charges stemmed from an authorized mail watch which re-

vealed that petitioner used unauthorized letterhead misrepresenting himself as the executive director of an inmate organization wherein he requested that the recipient send him candy that he intended to sell in the facility. Following the tier III disciplinary hearing, petitioner was found guilty of all charges.

We agree with petitioner that he was denied the right to be present during the disciplinary hearing. The record establishes that during the hearing when petitioner received the mail watch approval form and requested time to prepare a defense, the hearing was adjourned. Upon the continuation of the hearing, the Hearing Officer noted that petitioner had refused to attend and proceeded without petitioner present. This record does not contain an adequate basis to conclude that petitioner refused to attend the hearing or was informed of the consequences of his failure to appear (*see* 7 NYCRR 254.6 [a] [2]; *Matter of Tafari v Selsky*, 40 AD3d 1172, 1173 [2007]). In the absence of a knowing and voluntary waiver by petitioner of his right to attend the hearing, the August 1, 2008 determination must be annulled.

Next, the August 8, 2008 determination found petitioner guilty of impersonation, unauthorized exchange, possession of another inmate's crime information, providing unauthorized legal assistance and forgery. The misbehavior report, testimony from its author and the documents found in petitioner's cell provide substantial evidence supporting the determination of guilt (*see Matter of McNamara v Goord*, 290 AD2d 909 [2002]). Petitioner's procedural claims, including that he was denied the right to call certain witnesses and that the Hearing Officer was biased, have been reviewed and found to be without merit.

Finally, substantial evidence also supports the August 22, 2008 determination finding petitioner guilty, following a disciplinary hearing, of an unauthorized exchange, making false statements and making threats (*see Matter of Figueroa v Goord*, 296 AD2d 739, 740 [2002], *lv denied* 99 NY2d 502 [2002]). Specifically, the correction officer who authored the misbehavior report testified that petitioner improperly handed the laundry porter his mail to place in the mail slot. When the correction officer returned the mail, petitioner accused the correction officer of stealing his mail, became verbally abusive and threatened him. As to petitioner's contention that he was impermissibly removed from the final phase of the hearing, a review of the transcript reveals that petitioner had become unruly and disruptive (*see Matter of Fontaine v Superintendent of Southport Correctional Facility*, 35 AD3d 1113, 1114 [2006], *lv dismissed* 8 NY3d 943 [2007]). We have reviewed petitioner's remaining contentions and find them to be unpersuasive.

Peters, Spain, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination dated August 1, 2008 is annulled, without costs, amended petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record. Adjudged that the determinations dated August 8, 2008 and August 22, 2008 are confirmed, without costs, and amended petition dismissed to that extent. Adjudged that that the portions of the amended petition challenging the determinations dated August 5, 2008 and September 3, 2008 are dismissed, without costs.