■ In the Matter of PATRICK GUILLORY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [974 NYS2d 196]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with making a threat. The charge arose out of an incident where petitioner was being interviewed by an investigating officer in reference to a grievance that petitioner had filed when he became agitated and threatened to assault the officer. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. After the penalty was modified by facility officials, the determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and the testimony of its author provide substantial evidence supporting the determination of guilt (*see Matter of Lewis v Fischer*, 101 AD3d 1317, 1317 [2012]; *Matter of Ventimiglia v New York State Dept. of Correctional Servs.*, 94 AD3d 1327, 1328 [2012]). Petitioner's contention that the misbehavior report was issued in retaliation for several grievances that he had filed created a credibility issue for the Hearing Officer to resolve (*see Matter of Blackwell v Fischer*, 106 AD3d 1346, 1346 [2013]; *Matter of Sorrentino v Fischer*, 101 AD3d 1210, 1210-1211 [2012], *lv denied* 20 NY3d 862 [2012]). Further, petitioner's claim that he was denied access to a videotape of the interview with the investigator is without merit as the record indicates that no such videotape existed (*see Matter of Applewhite v Goord*, 45 AD3d 1112, 1112 [2007], *lv denied* 10 NY3d 711 [2008]; *Matter of Griffin v Goord*, 43 AD3d 591, 592 [2007]). Finally, there is no support in the record for petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Mat-*

ter of *Fowler v Fischer*, 106 AD3d 1344, 1345 [2013], *lv denied* 21 NY3d 865 [2013]; *Matter of Fisher v Fischer*, 105 AD3d 1286, 1286 [2013]). Petitioner's remaining claims have been examined and found to be without merit.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.