Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was found guilty of impersonation and a movement violation.* The correction officer who authored the misbehavior report testified that petitioner used a law library bathroom pass in order to go to her desk. Petitioner handed the correction officer a memorandum that he had written for the Youth Assistance Program in which he had used, without authorization, the correction officer’s name and title in order for it to appear that the letter had been written by her. The determination of guilt was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.
Contrary to petitioner’s contention, the misbehavior report, testimony at the hearing and memorandum provide substantial evidence to support the determination of guilt as to both charges (see Matter of Davis v Bezio, 76 AD3d 1134, 1135 [2010]; Matter of McNamara v Goord, 290 AD2d 909, 910 [2002]). Petitioner’s exculpatory explanation for writing the memorandum presented a credibility issue for the Hearing Officer to resolve (see Matter *1080 of Rivera v Goord, 294 AD2d 698, 699 [2002]). Although petitioner asserts that he cannot be found guilty of impersonation because there is no evidence of his intent to defraud, injure or obtain a benefit, we note that the disciplinary rule prohibits an inmate from impersonating an employee “in any manner” (7 NYCRR 270.2 [B] [12] [i]). By writing the memorandum as though it was from the correction officer by using her name and title without her authorization, petitioner was impersonating the correction officer, notwithstanding the fact that petitioner did not send the letter to third parties. Petitioner’s remaining contentions have been reviewed and found to be without merit.
Stein, J.P, McCarthy, Rose and Egan Jr., JJ, concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Petitioner was also charged with, but found not guilty of, three additional disciplinary rule violations.