■ In the Matter of WILLIAM J. CLARK, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [991 NYS2d 911]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with making threats, violent conduct and creating a disturbance. The charges arose from an incident in the prison law library on July 13, 2012 in which petitioner tried to confirm the name of the father of a correction officer assigned to the library and where his family lived, and petitioner threatened that if

that officer did not approve all of his requests for special access to the library, when he got out, he would "burn your house down with you and all your family in it." Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and the testimony of its author, at whom petitioner's conduct was directed, provided substantial evidence supporting the determination of guilt (*see Matter of Guillory v Fischer*, 111 AD3d 1005, 1005 [2013]; *Matter of Blocker v Fischer*, 107 AD3d 1285, 1286 [2013]). Petitioner's denial that the incident occurred as described and claims of retaliation created credibility issues for the Hearing Officer to resolve (*see Matter of Spikes v Fischer*, 100 AD3d 1231, 1231 [2012], *lv denied* 20 NY3d 862 [2013]). Contrary to his arguments, the Hearing Officer properly denied petitioner's request to call certain correction officers, inmates and his mother based upon the fact that they were not present for the incident and their testimony would have been irrelevant to the charges (*see Matter of Gaston v Fischer*, 109 AD3d 1063, 1064 [2013]). Petitioner was not deprived of the right to call certain other inmates as witnesses, including those present during the incident; all of them signed witness refusal forms indicting that they were not present and/or did not see or hear anything, which were read into the record (*see Matter of McFadden v Venettozzi*, 65 AD3d 1401, 1402 [2009]; *Matter of Martinez v Selsky*, 53 AD3d 989, 989 [2008]). Although not required (*see Matter of McGriff v Fischer*, 62 AD3d 1058, 1058 [2009]), the Hearing Officer interviewed the inmates identified as present, who confirmed their refusal to testify for the reasons stated. Finally, the record contains no support for petitioner's allegation of hearing officer bias (*see Matter of Guillory v Fischer*, 111 AD3d at 1005-1006) or for his remaining claims.

Lahtinen, J.P., Garry, Rose, Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.