*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014          517674
_____

In the Matter of WILLIAM J.
    CLARK,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., Garry, Rose, Devine and Clark, JJ.

                    _____


        William J. Clark, Albion, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in a misbehavior
report with making threats, violent conduct and creating a
disturbance.  The charges arose from an incident in the prison
law library on July 13, 2012 in which petitioner tried to confirm
the name of the father of a correction officer assigned to the
library and where his family lived, and petitioner threatened
that if that officer did not approve all of his requests for
special access to the library, when he got out, he would "burn
your house down with you and all your family in it."  Following a

tier III disciplinary hearing, petitioner was found guilty of the charges, and that determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and the testimony of its author, at whom petitioner's conduct was directed, provided substantial evidence supporting the determination of guilt (see Matter of Guillory v Fischer, 111 AD3d 1005, 1005 [2013]; Matter of Blocker v Fischer, 107 AD3d 1285, 1286 [2013]).  Petitioner's denial that the incident occurred as described and claims of retaliation created credibility issues for the Hearing Officer to resolve (see Matter of Spikes v Fischer, 100 AD3d 1231, 1231 [2012], lv denied 20 NY3d 862 [2013]).  Contrary to his arguments, the Hearing Officer properly denied petitioner's request to call certain correction officers, inmates and his mother based upon the fact that they were not present for the incident and their testimony would have been irrelevant to the charges (see Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [2013]).  Petitioner was not deprived of the right to call certain other inmates as witnesses, including those present during the incident; all of them signed witness refusal forms indicting that they were not present and/or did not see or hear anything, which were read into the record (see Matter of McFadden v Venettozzi, 65 AD3d 1401, 1402 [2009]; Matter of Martinez v Selsky, 53 AD3d 989, 989 [2008]).  Although not required (see Matter of McGriff v Fischer, 62 AD3d 1058, 1058 [2009]), the Hearing Officer interviewed the inmates identified as present, who confirmed their refusal to testify for the reasons stated.  Finally, the record contains no support for petitioner's allegation of hearing officer bias (see Matter of Guillory v Fischer, 111 AD3d at 1005-1006) or for his remaining claims.

Lahtinen, J.P., Garry, Rose, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court