# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 11, 2014                519197

_____

In the Matter of EON SHEPHERD,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

COMMISSIONER OF CORRECTIONS
     AND COMMUNITY SUPERVISION,
                    Respondent.

_____

Calendar Date:  October 21, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Garry and Clark, JJ.

_____

          Eon Shephard, Wallkill, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

          Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

          Petitioner commenced this CPLR article 78 proceeding to challenge two tier II prison disciplinary determinations that were rendered, respectively, on November 4, 2013 and December 6, 2013.  Respondent properly concedes that the November 4, 2013 determination must be annulled, as "[t]his record does not contain an adequate basis to conclude that petitioner refused to attend the hearing or was informed of the consequences of his failure to appear" (Matter of Ifill v Fischer, 79 AD3d 1322, 1323 [2010]; see 7 NYCRR 253.6 [b]).

Turning to the December 6, 2013 determination, the misbehavior report and hearing testimony provide substantial evidence to support the finding that petitioner violated a prison disciplinary rule by making threats against a correction officer (see Matter of Clark v Fischer, 120 AD3d 1468, 1468 [2014]; Matter of Guillory v Fischer, 111 AD3d 1005, 1005 [2013]). Petitioner's contention that the misbehavior report was issued in retaliation for a grievance he had filed created a credibility issue for the Hearing Officer to resolve (see Matter of Guillory v Fischer, 111 AD3d at 1005). While the Hearing Officer had limited success in complying with petitioner's request that all of the inmates who had witnessed the incident be identified and called to testify, his efforts were sufficient and resulted in several inmates testifying at the hearing (see Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]). Petitioner thereafter left the hearing by choice and, contrary to his contention, he was not denied the right to be present at the hearing given that he left despite having been informed that the hearing would be concluded in his absence (see Matter of Bermudez v Fischer, 107 AD3d 1269, 1270 [2013]; Matter of Haden v Prack, 62 AD3d 1133, 1134 [2009]). To the extent that petitioner's remaining contentions are properly before us, they have been examined and found to lack merit.

Peters, P.J., Lahtinen, McCarthy, Garry and Clark, JJ., concur.

ADJUDGED that the determination dated November 4, 2013 is annulled, without costs, petition granted to that extent and the Superintendent of Shawangunk Correctional Facility is directed to expunge all references thereto from petitioner's institutional record.

ADJUDGED that the determination dated December 6, 2013 is confirmed, without costs, and petition dismissed to that extent.

ENTER:

Robert D. Mayberger
Clerk of the Court