Matter of Vance v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 02857)





Matter of Vance v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 02857


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525402

[*1]In the Matter of WAYNE P. VANCE, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Aarons and

 Pritzker, JJ.

Wayne P. Vance, Comstock, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating various prison disciplinary rules. Respondent submitted an answer with an objection asserting that petitioner had not administratively appealed the determination and, therefore, had failed to exhaust
his administrative remedies [FN1]. Respondent supported the objection with an affidavit from the assistant director of special housing and inmate disciplinary programs, in which he stated that he had reviewed the records and that petitioner had not submitted an administrative appeal regarding the determination at issue. Inasmuch as there is no record that petitioner filed an administrative [*2]appeal, his challenge to the determination in the context of this CPLR article 78 proceeding is precluded by his failure to exhaust his administrative remedies (see Matter of Ifill v Fischer, 79 AD3d 1322, 1322 [2010]; Matter of Hendricks v Franklin Correctional Facility, 249 AD2d 856, 856 [1998]).
McCarthy, J.P., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.



Footnotes

Footnote 1: Because the answer raised an objection that could have terminated the proceeding, Supreme Court should have ruled on that issue prior to transferring this proceeding to this Court (see CPLR 7804 [g]). Nevertheless, we shall decide the issue in the interest of judicial economy.