Matter of Caldara v Annucci (2018 NY Slip Op 06656)





Matter of Caldara v Annucci


2018 NY Slip Op 06656


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


989 TP 17-02185

[*1]IN THE MATTER OF CHARLES CALDARA, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






CHARLES CALDARA, PETITIONER PRO SE.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered December 12, 2017) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a tier III disciplinary hearing, that he violated two inmate rules. Contrary to petitioner's contention, the determination that he violated inmate rules 107.20 (7 NYCRR 270.2 [B] [8] [iii] [lying]) and 119.10 (7 NYCRR 270.2 [B] [20] [i] [false alarm]) is supported by substantial evidence (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 140 [1985]). "No expert witness testimony was required [with respect to the handwriting in the bomb threat letter inasmuch] as hearing officers are permitted to independently assess handwriting samples" (Matter of Hood v Goord, 36 AD3d 1064, 1065 [3d Dept 2007]).
Contrary to petitioner's further contention, the record "does not establish that the Hearing Officer was biased or that the determination flowed from the alleged bias' " (Matter of Colon v Fischer, 83 AD3d 1500, 1501 [4th Dept 2011]). Additionally, petitioner contends that he was improperly placed in the special housing unit prior to the hearing. We reject that contention inasmuch as petitioner's bomb threat letter posed an immediate threat to the safety and security of the prison (see 7 NYCRR 251-1.6 [a]; see generally Matter of Kalonji v Fischer, 102 AD3d 1041, 1042 [3d Dept 2013]).
We also reject the contention that the hearing was untimely. The 14-day time limit to complete the hearing is "directory only" (Matter of Comfort v Irvin, 197 AD2d 907, 908 [4th Dept 1993], lv denied 82 NY2d 662 [1993]) and, "absent a showing of substantial prejudice to petitioner, the failure to complete the hearing in a timely manner does not warrant annulment of the determination" (Matter of Dash v Goord, 255 AD2d 978, 978 [4th Dept 1998]; see Matter of Lugo v Coughlin, 182 AD2d 920, 921 [3d Dept 1992]). Finally, petitioner was not improperly denied the right to call witnesses at the hearing (see Matter of Ramos v Venettozzi, 153 AD3d 1075, 1076 [3d Dept 2017], lv denied 31 NY3d 906 [2018]; Matter of Moore v New York State Dept. of Correctional Servs., 50 AD3d 1350, 1351 [3d Dept 2008]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court