Matter of Green v Kirkpatrick (2018 NY Slip Op 06846)





Matter of Green v Kirkpatrick


2018 NY Slip Op 06846


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525995

[*1]In the Matter of SHAWN GREEN, Petitioner,
v
MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, Respondent.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Shawn Green, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet), for respondent.



MEMORANDUM AND JUDGMENT
McCarthy, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review (1) a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules, and (2) nine determinations of respondent denying petitioner's grievances.
In December 2016, petitioner was at the facility hospital with other inmates when a correction officer instructed him to sit down. Petitioner became loud and argumentative in response and threatened to kill the officer. As a result, he was charged in a misbehavior report with refusing a direct order, creating a disturbance and making threats. Petitioner was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal.
Between September 2016 and February 2017, petitioner filed multiple grievances complaining about various aspects of his incarceration. All of these grievances were denied by the Inmate Grievance Review Committee and later by respondent. In March 2017, he commenced this CPLR article 78 proceeding challenging both the disciplinary determination and the determinations denying his grievances. Supreme Court transferred the entire matter to this Court for review.[FN1]
Turning first to the grievance determinations, petitioner commenced this CPLR article 78 proceeding prior to the issuance of final determinations by the Central Office Review Committee. Notably, the verified petition fails to contain any allegations concerning the denial of these grievances by the Central Office Review Committee. Given that petitioner has failed to exhaust his administrative remedies under the grievance procedure, that part of the verified petition challenging the determinations denying his grievances is dismissed on this basis (see Matter of Chaney v Van Guilder, 14 AD3d 739, 740 [2005]; Matter of West v McGinnis, 4 AD3d 654, 655 [2004]).
Turning to the disciplinary determination, the misbehavior report and the hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [2018]; Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [2017]). We reject petitioner's claim that he was improperly charged, contrary to Correction Law § 138 (5), with violating an unpublished rule requiring inmates to sit down while waiting for certain medical treatment. Rather, his conduct in refusing to sit down violated the published disciplinary rule prohibiting inmates from refusing a direct order (see 7 NYCRR 270.2 [B] [7] [i]). We have considered petitioner's remaining arguments, to the extent that they are properly before us, and find them to be unavailing.
Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although Supreme Court improperly transferred that part of the proceeding seeking review of the determinations denying petitioner's grievances, we retain jurisdiction and address these determinations in the interest of judicial economy (see Matter of Bermudez v Fischer, 55 AD3d 1099, 1100 n [2008], lv denied 11 NY3d 714 [2009], cert denied 558 US 845 [2009]; Matter of Atkins v Goord, 16 AD3d 1011, 1012 [2005]).