■ In the Matter of LEONARD LOTT, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [710 NYS2d 557] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

---

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging two prison disciplinary determinations finding him guilty of two charges of misuse of State property and one charge each of attempted smuggling and possession of authorized property in an unauthorized area. These charges stemmed from two separate misbehavior reports alleging that two searches of a facility computer used by petitioner revealed the existence of improperly stored personal and legal documents, as well as the existence of a letter drafted by petitioner and addressed to a member of the clergy that contained an attachment containing correspondence for an inmate at a different facility. This proceeding was transferred by Supreme Court pursuant to CPLR 7804 (g), and we confirm.

Initially, to the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report and other evidence produced provide sufficient evidentiary support for the determination of guilt (*see*, *Matter of Foster v Coughlin*, 76 NY2d 964, 966). Turning to petitioner's remaining arguments, we reject his claim that he was improperly found guilty of attempting to smuggle based on the letter and attachment to a member of the clergy. Regardless of whether the letter was actually sent, we find that petitioner's conduct fell within the definition of "attempt" in the prison disciplinary context (*see*, 7 NYCRR 270.3 [b] [1]) and his citation to Penal Law standards is not applicable (*see generally*, *People v Vasquez*, 89 NY2d 521, 532).

As for petitioner's claim that he should not have been charged with a rule violation for keeping personal and legal documents on a facility computer hard drive because he had no notice that this conduct was prohibited, we are similarly unpersuaded. While petitioner maintains that the computer resource room employee never told him he could not store personal items on the facility computer, he acknowledged awareness of the rule that restricts the performance of legal work to the facility law library. Accordingly, we find that the rules prohibiting the misuse of State property and the storage of authorized articles in unauthorized areas were sufficient to put him on notice that his activities were proscribed.

Peters, J. P., Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.