■ In the Matter of DEAN VOURDERIS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [771 NYS2d 753]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of opiates. Initially, we reject petitioner's assertion that the urinalysis request was not approved by a lieutenant until after petitioner provided a urine sample (*see* 7 NYCRR 1020.4 [b]). Any error with respect to the request for urine test form was adequately explained at the hearing and, in any event, "had no effect on the validity of the positive test results" (*Matter of Samuel v Goord*, 277 AD2d 584, 585 [2000]).

The misbehavior report, supporting documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Lorino v Murphy*, 309 AD2d 1037 [2003]). While the correction officer who tested the urine sample failed to contact medical personnel despite being aware that petitioner was taking medications, any error in this regard was harmless inasmuch as a correction facility nurse testified at the hearing that no medications given to petitioner during the period in question would cause a false positive (*see Matter of Martinez v New York State Dept. of Correctional Servs.*, 273 AD2d 663 [2000], *lv denied* 95 NY2d 763 [2000]; *Matter of Smith v Goord*, 269 AD2d 650 [2000]). Petitioner's remaining contentions, including that the urinalysis testing forms were incomplete and the hearing officer was biased, are either unpreserved for our review or without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.