◼ In the Matter of PETER M. SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [863 NYS2d 834]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with possessing a controlled substance after his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty of this charge. After the determination was affirmed on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, urinalysis test results and related documentation, as well as the hearing testimony, provide substantial evidence supporting the determination of guilt (*see Matter of Griffin v Goord*, 47 AD3d 1046 [2008]; *Matter of Moretti v Selsky*, 46 AD3d 1049, 1050 [2007]). Contrary to petitioner's claim, the chain of custody of the sample was properly maintained as evidenced by the information on the request for urinalysis test form and the testimony of the officers who collected and tested the sample (*see Matter of McAdoo v Goord*, 32 AD3d 1058, 1058 [2006]; *Matter of Molina v Selsky*, 21 AD3d 1238, 1238 [2005]). Moreover, the one-hour discrepancy in the test times noted on some of the urinalysis test documentation was adequately explained by the testing officer who indicated that such discrepancy was due to daylight savings time (*see Matter of Crosby v Goord*, 38 AD3d 1110 [2007]). Petitioner's claim that a different officer should have conducted the second test is unpreserved inasmuch as he did not raise it at the disciplinary hearing; accordingly, it may not be reviewed (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]).

Peters, J.P., Spain, Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.