In the Matter of DARRYL SHEPPARD, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [880 NYS2d 365]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after two urinalysis tests yielded positive results for the presence of opiates. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty was imposed. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt.

We first reject petitioner's assertion that the omission on the urinalysis test form of a description of the circumstances leading to the request for urinalysis requires annulment of the determination. The omission was adequately explained during the hearing when the correction officer who authorized the test related that the Inspector General's office had requested that petitioner be tested based on information obtained as part of an ongoing investigation and, therefore, that information was not included on the form (*see Matter of Vourderis v Selsky*, 4 AD3d 667, 668 [2004]; *Matter of Adams v Goord*, 2 AD3d 927, 928 [2003]). We also find unavailing petitioner's contention that the determination was not supported by substantial evidence because there was a failure to establish a proper foundation for the admission of the urinalysis tests. Based on our review of the record, and as acknowledged by the Hearing Officer, all appropriate documentation was provided, and was sufficient to establish a proper foundation for the results (*see Matter of Johnson v Selsky*, 14 AD3d 755, 756 [2005]; *Matter of Davis v Goord*, 8 AD3d 854, 855 [2004]).

Finally, we conclude that the Hearing Officer did not err in refusing petitioner's request for a witness to testify from counsel's office for the Department of Correctional Services. The Hearing Officer correctly interpreted the relevant provision authorizing a lieutenant or higher authority to approve urinalysis testing (*see* 7 NYCRR 1020.4 [b]) and, therefore, the requested witness's testimony would have been redundant and irrelevant to the charges against petitioner (*see Matter of Sutherland v Selsky*, 61 AD3d 1188 [2009]; *Matter of Davis v Goord*, 46 AD3d 955, 956 [2007], *lv dismissed* 10 NY3d 821 [2008]). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.