■ In the Matter of GILL TERRENCE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [884 NYS2d 277]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was being frisked for weapons, he attempted to strike a correction officer who had ordered him to stand so that mechanical restraints could be applied. An altercation ensued, which necessitated the involvement of a second correction officer, and petitioner sustained injuries while he was being subdued. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, failing to comply with search and frisk procedures and attempting to as-

sault staff. He was found guilty of the charges following a tier III disciplinary hearing. The determination was later upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the documentary evidence and the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Belot v Selsky*, 56 AD3d 911, 912 [2008]; *Matter of Peana v Fischer*, 54 AD3d 1126, 1126-1127 [2008]). Petitioner's testimony that it was the correction officers who were the aggressors and assaulted him presented a credibility issue for the Hearing Officer to resolve (*see Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). Although the correction officers decided to frisk petitioner based upon information disclosed by a confidential source, the Hearing Officer was not required to independently assess the credibility of the confidential source since such information did not provide the basis for the determination of guilt of the charges at issue (*see Matter of McAdoo v Goord*, 32 AD3d 1058, 1059 [2006]; *Matter of Rowe v Goord*, 289 AD2d 764, 765 [2001]). Petitioner's claim that he was improperly denied the right to call a correction counselor and a nurse as witnesses is unpreserved for our review given his failure to object at the hearing (*see Matter of Brown v Selsky*, 49 AD3d 1108 [2008]; *Matter of Davila v Selsky*, 48 AD3d 846, 847 [2008]). His remaining contentions have been considered and have been found to be lacking in merit.

Cardona, P.J., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.