■ In the Matter of DARREN WILLIAMS, Appellant, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [916 NYS2d 247]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered February 8, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

While in the prison hospital, petitioner began banging on the door and yelling. He then had a verbal exchange with a correction officer who gave him several direct orders to stop yelling, which he allegedly refused. Petitioner was eventually removed from the hospital room and, when it was searched, an open jelly packet was discovered containing three pills that were not prescribed to petitioner. As a result, petitioner was charged in a misbehavior report with creating a disturbance, refusing a direct

order, harassment, possessing unauthorized medication and possessing drugs. Following a tier III disciplinary hearing, he was found guilty of all of the charges except for the one alleging that he possessed drugs. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, resulting in this appeal.

Petitioner's sole contention is that he was improperly excluded from the disciplinary hearing. The record discloses that petitioner was present during most of the hearing, but refused to leave his cell to attend the dispositional phase or sign a refusal form. The correction officer who attempted to escort petitioner from his cell to the hearing testified regarding petitioner's conduct and stated that both he and another officer witnessed petitioner refuse to sign the form, which they both signed. Under these circumstances, we find no error in the Hearing Officer's decision to proceed with the dispositional phase of the hearing in petitioner's absence (*see Matter of Griffith v Selsky*, 53 AD3d 884 [2008]; *Matter of Tafari v Selsky*, 37 AD3d 887, 887-888 [2007], *lv denied* 8 NY3d 811 [2007]; *Matter of Shannon v Goord*, 284 AD2d 680 [2001]). Consequently, Supreme Court properly dismissed the petition.

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.