■ In the Matter of JOHN WHITE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [930 NYS2d 306]—

Petitioner was being escorted to recreation with other inmates when he was ordered to submit to a pat frisk. After petitioner refused to place his hands in the proper position, a correction officer placed his hand in the middle of petitioner's back, at which point petitioner turned and struck the officer in the face with a closed fist. As a result, petitioner was served with a misbehavior report charging him with assaulting staff, violent conduct, refusing a direct order and violating frisk procedures. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. That determination was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding.

We confirm. To the extent that petitioner argues that the determination was not supported by substantial evidence, the misbehavior report, hearing testimony and supporting documentation provide the requisite quantum of proof to support the determination of guilt (*see Matter of Cody v Fischer*, 84 AD3d 1651, 1651 [2011]; *Matter of Williams v Fischer*, 84 AD3d 1661, 1662 [2011], *lv denied* 17 NY3d 711 [2011]). Petitioner's claim that the report was issued in retaliation for grievances he had filed raised a credibility question for the Hearing Officer to resolve (*see Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]; *Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]). Additionally, petitioner's claim that his right to attend the hearing was violated is unavailing inasmuch as he waived his right to participate (*see* 9 NYCRR 7006.8 [c]; *see generally Matter of Williams v Bezio*, 79 AD3d 1556, 1557 [2010], *lv denied* 16 NY3d 710 [2011]).

Turning to petitioner's procedural challenges, we reject petitioner's contention that his employee assistance was inadequate, inasmuch as the record demonstrates that he refused such assistance when offered (*see e.g. Matter of Barnwell v Goord*, 268 AD2d 725, 726 [2000], *lv denied* 95 NY2d 751 [2000]). In any event, the Hearing Officer provided petitioner with the requested documents that were relevant and adjourned the hearing to give petitioner time to review them (*see Matter of Hernandez v Fischer*, 79 AD3d 1544, 1545-1546 [2010], *lv denied* 16 NY3d 710 [2011]). Finally, petitioner's right to call witnesses was not violated, inasmuch as the testimony of the proposed witnesses who were denied would have been irrelevant (*see Mat-*

*ter of Canty v Esgrow*, 83 AD3d 1322, 1322 [2011], *lv denied* 17 NY3d 705 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]).

We have examined petitioner's remaining claims and find them to be either unpreserved or without merit.

Mercure, J.P., Peters, Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.