In the Matter of Joseph McGowan, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [930 NYS2d 313]—

Egan Jr., J. 

A correction officer noticed that petitioner was acting in a suspicious manner and directed him to come to the front of the company. Petitioner refused and ran back to his cell followed by two correction officers. When the officers reached petitioner's cell, one of them noticed that the toilet had just been flushed, and he ordered petitioner out of the cell. After petitioner exited the cell, the officer found a plexiglas weapon on petitioner's bed and bottles of homemade alcohol on a ledge above the cell door. As a result, petitioner was charged in a misbehavior report with refusing a direct order, possessing a weapon and possessing alcohol. Following a tier III disciplinary hearing, he was found guilty of the charges. Petitioner's subsequent administrative appeal proved unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.

We confirm. Substantial evidence, consisting of the misbehavior report, documentary evidence and extensive testimony adduced at the hearing, supports the determination of guilt (*see Matter of Sorrentino v Fischer*, 78 AD3d 1354, 1355 [2010];

*Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). Any discrepancies in the time of the incident noted in the log book and the other documents were adequately explained by the keeper of the log book, who stated that he inadvertently wrote down the wrong time due to the fact that the battery in the clock he relied upon was dead (*see Matter of Smith v Fischer*, 54 AD3d 1083, 1084 [2008]; *Matter of Muniz v Selsky*, 301 AD2d 769, 770 [2003], *lv denied* 99 NY2d 511 [2003]). Moreover, while petitioner maintained that he was innocent of the charges and was "set up," this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Nimmons v Fischer*, 68 AD3d 1311 [2009]). Furthermore, although petitioner asserts that the misbehavior report should have been endorsed by the correction officer present during the incident who did not author the report (*see* 7 NYCRR 251-3.1 [b]), petitioner has not demonstrated that he was prejudiced by the lack of the officer's endorsement given that the officer testified at the hearing (*see Matter of Pante v Goord*, 73 AD3d 1394, 1395 [2010]; *Matter of Williams v Goord*, 31 AD3d 1086, 1087 [2006]). Finally, upon reviewing the record, we reject petitioner's claim that the Hearing Officer did not conduct a fair and impartial hearing and find nothing to indicate that the outcome of the hearing flowed from any alleged bias (*see Matter of Abdullah v Goord*, 36 AD3d 978, 979 [2007]; *Matter of Quinney v Selsky*, 18 AD3d 1082, 1083 [2005]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and are unavailing.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.