■ In the Matter of John Hemphill, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 384]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner became involved in a physical altercation with a correction officer and repeatedly punched the officer despite several direct orders to stop. Another officer intervened and petitioner eventually ceased such conduct after he was placed in mechanical restraints. Petitioner was subsequently charged in a misbehavior report with assaulting staff, engaging in violent conduct and refusing a direct order. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, consisting of the misbehavior report, documentary evidence and testimony of the correction officers involved in the incident, supports the determination of guilt (see Matter of Gardine v Fischer, 87 AD3d 1187 [2011]; Matter of Bridgeforth v Fischer, 78 AD3d 1401, 1401 [2010]). Petitioner's contrary testimony that it was he who was assaulted by correction officers raised a credibility issue for the Hearing Officer to resolve (see Matter of Malik v Bezio, 76 AD3d 1128, 1128 [2010]; Matter of Reynoso v Fischer, 73 AD3d 1315, 1316 [2010]). Petitioner's remaining contentions have been examined and, to the extent they are properly before us, are without merit. Therefore, we find no reason to disturb respondent's determination.

Rose, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.