In the Matter of DIONISO SOMERVILLE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 386]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a family reunion program visit, petitioner was brought to the auditorium by a correction officer to provide a urine sample for testing, at which time petitioner became disruptive and used profane language. The officer applied a body hold to petitioner to prevent an assault and a physical altercation ensued, which resulted in petitioner striking the officer and the officer forcing petitioner to the ground until petitioner eventually was placed in mechanical restraints. As a result of this incident, petitioner was charged in a misbehavior report with engaging in violent conduct and assaulting staff. Petitioner was found guilty of these charges following a tier III

disciplinary hearing, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination of guilt (*see Matter of Perez v Fischer*, 69 AD3d 1279, 1279 [2010]; *Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). Petitioner's contrary testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Peana v Fischer*, 54 AD3d 1126, 1127 [2008]; *Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]), and his remaining contentions are either unpreserved for our review or lacking in merit.

Mercure, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.