■  In the Matter of RONNIE COLE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [942 NYS2d 389]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

After a correction officer delivered a food tray to petitioner's cell and placed it on a table, petitioner threw the tray in the direction of the officer and a sergeant. As a result of this incident, petitioner was charged in a misbehavior report with engaging in violent conduct, interfering with an employee, committing an unhygienic act and wasting state property. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction personnel familiar with the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Triplett v Fischer*, 54 AD3d 1075, 1076 [2008]; *Matter of Kalwasinski v Goord*, 31 AD3d 1081, 1082 [2006]). Petitioner's denial of misconduct presented a credibility issue for the Hearing Officer to resolve (*see Matter of Cooper v Prack*, 85 AD3d 1470, 1471 [2011]; *Matter of Vidal-Ortiz v Fisch-*

*er*, 84 AD3d 1627, 1628 [2011]). Although petitioner contends that the misbehavior report was defective because his copy was not endorsed by a correction officer who had personal knowledge of the incident (*see* 7 NYCRR 251-3.1 [b]), this clerical error was adequately explained by the correction officer at issue who testified at the hearing. Accordingly, petitioner has not demonstrated that he was prejudiced (*see Matter of McGowan v Fischer*, 88 AD3d 1038, 1039 [2011]; *Matter of Pante v Goord*, 73 AD3d 1394, 1395 [2010]). Contrary to petitioner's claim, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Barrett v Fischer*, 58 AD3d 1031, 1032 [2009]; *Matter of Nelson v Goord*, 33 AD3d 1135, 1136 [2006]). Petitioner's remaining arguments, to the extent that they are properly before us, have been considered and are unavailing.

Mercure, J.P., Lahtinen, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.