■ In the Matter of KEVIN BROWN, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [948 NYS2d 779]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Coxsackie Correctional Facility in Greene County, suffers from brain cancer and has a history of neurological problems, including seizures. While a certified nursing assistant was placing a blood pressure cuff on petitioner's arm in an attempt to take his blood pressure, petitioner jabbed her in the abdominal area with his left hand. As a result, he was charged in a misbehavior report with assaulting staff and engaging in violent conduct. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing, and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Petitioner maintains that he was having a seizure at the time he struck the nursing assistant and that, because his actions were involuntary, the determination is not supported by substantial evidence. Upon reviewing the record, we find this argument to be unpersuasive. Although medical evidence was presented at the hearing demonstrating that petitioner has a disorder known as "absent seizures" characterized by involuntary musculature movements of which he is unaware both during and after an occurrence, no medical proof was submitted to establish that petitioner had such a seizure during the time period in question. Indeed, the Medical Director of the Coxsackie Regional Medical Unit, who was familiar with petitioner's condition, testified that such a seizure may not be recognizable and that an EEG would be necessary at the time of the seizure to establish that one was taking place. The testimony of the nursing assistant describing petitioner's demeanor as "plain looking" at the time of the incident was inconclusive. Significantly, when questioned immediately after the incident, petitioner

admitted to touching the nursing assistant and explained that it was only a joke and he was only kidding. Petitioner's explanation at the hearing—that he made that statement because he did not think that the correction officer questioning him would believe him—presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lebron v Goord*, 6 AD3d 997, 998 [2004]). In sum, the misbehavior report, documentary evidence and testimony adduced at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Somerville v Fischer*, 94 AD3d 1311, 1312 [2012]; *Matter of Hemphill v Fischer*, 94 AD3d 1309 [2012]). We have considered petitioner's claim that the Hearing Officer failed to give proper consideration to his defense and find it to be lacking in merit.

Peters, P.J., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.