■ In the Matter of AUSTIN CORNELIUS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [949 NYS2d 804]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While a correction officer was attempting to counsel petitioner, he punched the officer in the face and a physical altercation ensued. Petitioner continued to strike the officer as well as other officers who responded to the incident and ignored their directives to cease such conduct. Petitioner was subsequently charged in a misbehavior report with assaulting staff, engaging

in violent conduct, creating a disturbance, interfering with an employee and refusing a direct order. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officer who authored the misbehavior report, provide substantial evidence supporting the determination of guilt (*see Matter of Somerville v Fischer*, 94 AD3d 1311, 1312 [2012]; *Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]). Contrary to petitioner's claim, it was not necessary for the author of the report to actually witness the altercation, as it was sufficient that he acquired knowledge through his investigation and conversations with the officer who was initially assaulted (*see Matter of Haynes v Andrews*, 283 AD2d 746, 747 [2001]; 7 NYCRR 251-3.1 [b]). Petitioner's denial of the charges and claim that it was he who was assaulted by officers presented a credibility issue for the Hearing Officer to resolve (*see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs*, 93 AD3d 1057, 1058 [2012], *appeal dismissed* 19 NY3d 919 [2012]; *Matter of Terrence v Fischer*, 64 AD3d at 1111). Furthermore, petitioner's claim that he was denied effective employee assistance is not substantiated by the record, nor has he demonstrated that he was prejudiced by the alleged deficiencies (*see Matter of Jackson v Dubray*, 56 AD3d 919 [2008]; *Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). In addition, the Hearing Officer properly denied petitioner's request for a videotape as irrelevant to the charges because it depicted a conversation that took place prior to the incident, which did not preclude the officer from engaging in a subsequent conversation with petitioner (*see Matter of Kalwasinski v Bezio*, 79 AD3d 1568, 1569 [2010]). His remaining arguments have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.