Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Following his transfer to a different cell block, petitioner asked a correction officer about the shower schedule. After being informed that he would have to inquire with different staff members, petitioner became agitated and struck the officer in the chest. A physical altercation ensued. Petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct and creating a disturbance. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the testimony of the correction officer who was involved in the altercation, provide substantial evidence supporting the determination of guilt (see Matter of Nelson v Fischer, 93 AD3d 1059 [2012]; Matter of Bridgeforth v Fischer, 78 AD3d 1401, 1401 [2010]). Petitioner’s denial of the charges and claim that the misbehavior report was written in retaliation for a prior grievance presented a credibility issue for the Hearing Officer to resolve (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Jackson v Dubray, 56 AD3d 919 [2008]). Although the Hearing Officer should not have denied petitioner’s request for the medical records of the officer injured in the assault absent a showing that it would jeopardize *760 institutional security, any such error was harmless in light of the overwhelming evidence presented establishing petitioner’s guilt (see Matter of Jones v Fischer, 69 AD3d 1065, 1066 [2010], lv denied 16 NY3d 707 [2011]; Matter of Joseph v Fischer, 67 AD3d 1103, 1104 [2009]). Furthermore, upon reviewing the record, we do not find any indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Vega v New York State Dept. of Correctional Servs., 92 AD3d 991, 992 [2012]; Matter of Kalwasinski v Bezio, 80 AD3d 1068, 1069 [2011]). Petitioner’s remaining contentions are either unpreserved for our review or are lacking in merit.
Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.