Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner refused to cooperate with directives given by a correction officer during a random pat frisk and struck the officer in the face. Another officer intervened to offer assistance and petitioner spit in that officer’s face. After petitioner was subdued, a third officer arrived to escort petitioner out of the area and petitioner kicked that officer in the leg. Consequently, petitioner was charged in three misbehavior reports with numerous disciplinary rule violations involving the three officers. At the conclusion of a lengthy tier III disciplinary hearing covering all of the charges, petitioner was found guilty of refusing a direct order, refusing to comply with frisk procedures, committing an unhygienic act, two counts of engaging in violent conduct and two counts of assaulting staff. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior reports and documentary evidence, together with the considerable testimony of those correction officers who were either involved in the incident or present at the time, provide substantial evidence supporting the determination of guilt (see Matter of Somerville v Fischer, 94 AD3d 1311, 1312 [2012]; Matter of Hemphill v Fischer, 94 AD3d 1309, 1309 [2012]). Petitioner’s claim that the correction officers were lying and that the misbehavior reports were written in retaliation for a grievance he had filed against one of the officers presented a credibility issue for the Hearing Officer to resolve (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Davis v Fischer, 83 AD3d 1356, 1357 [2011]). Moreover, although it appears that a portion of the testimony of one of the *775 officers was not completely transcribed, this officer’s recorded testimony was consistent with that of the many other officers who implicated petitioner in the misconduct charged, and there is no indication that the missing testimony would have been contradictory. In view of this, as well as the fact that there are no significant omissions in the remainder of the 794-page hearing transcript, meaningful review is not precluded (see Matter of Machicote v Bezio, 87 AD3d 763, 764 [2011]; Matter of Daniel v Fischer, 86 AD3d 892, 892-893 [2011]). Likewise, while petitioner should have been provided with the medical records of a correction officer who was injured while trying to restrain him, any such error was harmless given the overwhelming evidence of petitioner’s guilt (see Matter of Joseph v Fischer, 67 AD3d 1103, 1104 [2009]), as well as the fact that the Hearing Officer read into the record the reports of the officer’s injuries and the officer testified to the same (see Matter of Brown v Goord, 300 AD2d 777 [2002]). Petitioner’s remaining contentions are either unpreserved for our review or are lacking in merit.
Rose, J.P., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.