■ In the Matter of KIANI HENDERSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [950 NYS2d 809]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's argument, the misbehavior report and positive urinalysis test results provide substantial evidence supporting the determination of guilt (*see Matter of Faraldo v Bezio*, 93 AD3d 1007, 1008 [2012]; *Curry v Fischer*,

93 AD3d 984 [2012]). Moreover, the correction officer who collected and tested the specimen not only properly established the chain of custody of the sample, but he also adequately explained that the one-hour discrepancy in the urinalysis test documents was due to daylight savings time (*see Matter of Smith v Fischer*, 54 AD3d 1083, 1084 [2008]; *see also Matter of Faraldo v Bezio*, 93 AD3d at 1008).

Turning to petitioner's procedural challenges, we find them to be similarly lacking in merit. The Hearing Officer properly denied on relevancy grounds petitioner's requests for the testimony of a correction officer who was not present at the time petitioner's urine was tested, as well as the urinalysis testing documents of a different inmate who had been tested on the same day as petitioner (*see Matter of Hamilton v Prack*, 95 AD3d 1512, 1513 [2012]; *Matter of Sheppard v Bezio*, 62 AD3d 1189, 1190 [2009]; *Matter of Moreno v Goord*, 30 AD3d 708, 709 [2006]). Finally, we are unpersuaded by petitioner's claim that he was denied a fair and impartial hearing or that the determination flowed from any alleged bias on the part of the Hearing Officer (*see Matter of McGowan v Fischer*, 88 AD3d 1038, 1039 [2011]; *Matter of Al-Matin v Brown*, 86 AD3d 902, 902-903 [2011]).

The remaining contentions advanced by petitioner have been examined and found to be unavailing.

Rose, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.