Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
During a random frisk of inmates, petitioner became argumentative with a correction officer and, after being ordered back to his cell, proceeded to engage in a physical altercation with the officer. When a second officer intervened, petitioner started punching him in the face and body. Additional officers responded to the scene at which point petitioner was subdued and placed in mechanical restraints. He was thereafter charged in a misbehavior report with refusing a direct order, assaulting staff, engaging in violent conduct, disturbing the order of the facility and violating frisk procedures. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Somerville v Fischer, 94 AD3d 1311, 1312 [2012], lv denied 19 NY3d 810 [2012]; Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]). Petitioner’s denial of the charges and claim that he was assaulted by correction officers presented a credibility issue for the Hearing Officer to resolve (see Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [2012]; Matter of Mungo *1168 v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1058 [2012], appeal dismissed 19 NY3d 919 [2012]). Moreover, we find no merit to petitioner’s claim that he was improperly denied witnesses at the hearing. Neither the requested medical witnesses nor the correction officer who escorted petitioner to the hospital were present during the subject incident and, consequently, they did not have relevant testimony (see Matter of Barnes v Prack, 87 AD3d 1251, 1252 [2011]; Matter of Thompson v Votraw, 65 AD3d 1403, 1404 [2009]). Further, valid extensions were obtained to complete the hearing beyond the 14-day time period set forth in 7 NYCRR 251-5.1 (b), despite the fact that the second extension was not granted before the expiration of the first (see Matter of Thompson v Votraw, 65 AD3d at 1404-1405), and petitioner has not demonstrated that he was prejudiced by the slight delay in requesting the second extension (see Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [2011]; Matter of Boggs v Martuscello, 84 AD3d 1625, 1626 [2011]). Petitioner’s remaining arguments have been considered and are unavailing.
Mercure, J.P, Spain, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.