We confirm. The misbehavior report, together with the testimony of correction officials familiar with the incident and the documentation establishing that petitioner’s name was crossed off the list of individuals authorized to be in the area in question, provide substantial evidence supporting the determination of guilt (see Matter of Hemphill v Fischer, 94 AD3d 1309 [2012]; Matter of McGowan v Fischer, 88 AD3d 1038, 1038 [2011]). Petitioner’s claim that the misbehavior report was written in retaliation for a past grievance that he had filed against *1211 the officer accompanying the officer who stopped him in the yard presented a credibility issue for the Hearing Officer to resolve (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Belot v Selsky, 56 AD3d 911, 912 [2008]).
Petitioner further contends that the misbehavior report was defective because the accompanying officer did not endorse it. However, inasmuch as this officer testified that he did not observe petitioner’s behavior prior to being stopped or personally ascertain if petitioner was authorized to be in the area, he did not have personal knowledge of all of the facts providing the basis for the report (see Matter of Jones v Fischer, 94 AD3d 1298, 1298 [2012]; see also 7 NYCRR 251-3.1 [b]). In any event, given that petitioner was free to question this officer at the hearing, he was not prejudiced by the lack of the officer’s endorsement (see Matter of McGowan v Fischer, 88 AD3d at 1039). Petitioner’s remaining contentions have been considered and are either unpreserved for our review or are lacking in merit.
Peters, P.J., Mercure, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.