Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) *982 to review a determination of respondent Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was being escorted back to his cell by a correction officer who informed him that he could not enter his cell in his wheelchair. After refusing to leave the wheelchair, petitioner was given a direct order to exit the chair, which he ignored and then rolled the wheelchair into his cell. As a result, petitioner was served with a misbehavior report and, following a tier II disciplinary hearing, was found guilty of refusing a direct order and interfering with an employee. Upon administrative review, the finding of guilt on the charge of interfering with an employee was reversed, but the penalty of 30 days keeplock and loss of privileges remained the same. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report and the testimony of both petitioner and the correction officer who authored the report provide substantial evidence to support the finding of guilt (see Matter of Wright v Fischer, 98 AD3d 759, 759 [2012]; Matter of Brown v Fischer, 98 AD3d 770, 771 [2012]). Petitioner’s claim that the misbehavior report was in retaliation for past grievances he had filed raised a credibility question for the Hearing Officer to resolve (see Matter of Wright v Fischer, 98 AD3d at 759; Matter of Martin v Fischer, 98 AD3d 774, 774 [2012]).
Turning to petitioner’s procedural contentions, he was not improperly denied the right to call witnesses inasmuch as he refused to ask questions of the facility doctor when given the opportunity (see Matter of Perkins v Fischer, 78 AD3d 1355, 1356 [2010]), and the remaining witnesses requested were not present during the incident (see Matter of Rosales v Pratt, 98 AD3d 764, 765 [2012], lv denied 19 NY3d 816 [2012]). The fact that the Hearing Officer limited petitioner’s questioning of the correction officer to relevant matters was not indicative of bias (see Matter of Jackson v Prack, 84 AD3d 1660, 1661 [2011]; Matter of Lee v McCoy, 233 AD2d 633, 634 [1996]). Finally, we do not find the penalty assessed “so shocking to one’s sense of fairness as to be excessive” (Matter of Jackson v Fischer, 90 AD3d 1432, 1434 [2011]).
Petitioner’s remaining contentions have been examined and found to be either unpreserved or lacking in merit.
Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.