Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
A male correction officer observed petitioner staring at a female correction counselor’s behind in a sexual manner. The officer called out to petitioner and, when petitioner did not respond, the officer approached and pointed his hand at petitioner’s face to get his attention. Petitioner slapped the officer’s hand away. As a result, petitioner was charged in a misbehavior report with creating a disturbance, assaulting staff, interfering with staff and engaging in violent conduct. He was found guilty of the charges following a tier III disciplinary hearing and the *1000 determination was affirmed on administrative appeal.* This CPLR article 78 proceeding ensued.
Initially, upon reviewing the record, we agree with petitioner, and respondent concedes, that substantial evidence does not support that part of the determination finding petitioner guilty of creating a disturbance (see Matter of Hood v Fischer, 100 AD3d 1122, 1123 [2012]; Matter of Pabon v Goord, 6 AD3d 833, 833-834 [2004]). We reach a different conclusion, however, with respect to the remaining charges. The misbehavior report, related documentation and testimony of the correction officer involved in the incident provide substantial evidence supporting that part of the determination finding petitioner guilty of assaulting staff, interfering with staff and engaging in violent conduct (see Matter of Somerville v Fischer, 94 AD3d 1311, 1312 [2012], lv denied 19 NY3d 810 [2012]; Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]). Petitioner’s testimony that it was he who was assaulted and that the misbehavior report was written in retaliation for a prior incident involving the officer presented a credibility issue for the Hearing Officer to resolve (see Matter of Moreno v Fischer, 100 AD3d 1167, 1167 [2012]; Matter of Jackson v Dubray, 56 AD3d 919 [2008]). Although a loss of good time was imposed as part of the penalty, petitioner has been released from custody to parole supervision thereby rendering this part of the penalty moot (see Matter of Whaley v Goord, 47 AD3d 1132, 1133 [2008]; see also Matter of Walker v Senkowski, 260 AD2d 830, 831 [1999]).
Peters, P.J., Lahtinen, Spain and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by reversing so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed.

 Because petitioner’s conditional release date was earlier than his maximum expiration date and a loss of good time was imposed as part of the penalty, the determination was automatically reviewed administratively prior to petitioner filing his administrative appeal (see 7 NYCRR 263.2 [a] [3]), which the Department of Corrections and Community Supervision considered as a request for reconsideration and adhered to its original determination.