■ In the Matter of Anthony Rodriguez, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [981 NYS2d 888]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While in the vicinity of petitioner's cell, a correction officer heard petitioner shouting obscenities and making loud banging noises. After instructing petitioner to be quiet, the officer heard a loud crash. Shortly thereafter, a different correction officer went to petitioner's cell to investigate and found that a locker and toilet were broken. As a result, two misbehavior reports were prepared—one charging petitioner with creating a disturbance and harassment and the other charging him with destroying state property. Following a tier III disciplinary hearing on both reports, petitioner was found guilty of creating a disturbance and destroying state property.* After this determination

---

* Although the hearing disposition sheet reflects (and the parties agree) that petitioner was found guilty of creating a disturbance and destroying state property and not guilty of harassment, the hearing transcript indicates that petitioner was found guilty of only one of three charges—destroying state property. A review of the actual hearing tape, however, reveals that this inconsistency is the apparent result of a transcription error, as the Hearing Officer

was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior reports, together with the documentary evidence and testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of White v Fischer*, 107 AD3d 1187, 1188 [2013]; *Matter of Somerville v Fischer*, 94 AD3d 1311, 1312 [2012], *lv denied* 19 NY3d 810 [2012]). While petitioner maintained that certain medications he was taking rendered him incapable of damaging state property and, further, that the locker and toilet already were broken, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Cole v Fischer*, 94 AD3d 1318, 1318 [2012]; *Matter of Douglas v Fischer*, 76 AD3d 1162, 1162-1163 [2010]). Moreover, inasmuch as petitioner's mental state was not put in issue at the hearing, the Hearing Officer did not err in failing to elicit testimony with respect to petitioner's allegedly diminished mental capacity (*see* 7 NYCRR 254.6 [b]; *Matter of Hill v Smith*, 73 AD3d 1418, 1419 [2010]; *Matter of Siao-Pao v Selsky*, 274 AD2d 698, 699 [2000], *lv denied* 95 NY2d 767 [2000]). Finally, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Madden v Griffin*, 109 AD3d 1060, 1062 [2013], *lv denied* 22 NY3d 860 [2014]; *Matter of Fero v Prack*, 108 AD3d 1004, 1005 [2013]). We have considered petitioner's remaining contentions and find them to be either unpreserved for our review or lacking in merit.

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

clearly states on the tape that petitioner is guilty of both creating a disturbance and destroying state property.