■ In the Matter of ALEX SHOGA, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [987 NYS2d 713]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a mental health interview, petitioner made comments

to a female social worker regarding her personal appearance and marital status. He continued to do so even after she directed him to stop, which prompted her to end the interview. The following day, petitioner allegedly again attempted to engage the social worker in a personal conversation. As a result, he was charged in a misbehavior report with refusing a direct order, harassment and stalking. Following a tier III disciplinary hearing, he was found guilty of the former two charges, but not of the latter. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the social worker and a correction officer to whom she reported the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Rodriguez v Fischer*, 115 AD3d 1104, 1105 [2014]; *Matter of Oliver v Fischer*, 107 AD3d 1268, 1268-1269 [2013]). We find no merit to petitioner's contention that he was improperly denied certain witnesses, as there is nothing to indicate that the individuals in question personally witnessed the exchanges that provided the basis for the determination of guilt (*see Matter of Tafari v Fischer*, 94 AD3d 1324, 1325 [2012], *lv denied* 19 NY3d 807 [2012]; *Matter of Ramsey v Fischer*, 93 AD3d 1000, 1002 [2012], *lv denied* 19 NY3d 955 [2012]). Notably, the testimony of one of the medical professionals requested was relevant only to the stalking charge that was ultimately dismissed. Furthermore, upon thoroughly reviewing the record, we find nothing to suggest that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Quezada v Fischer*, 113 AD3d 1004, 1004 [2014]; *Matter of Guillory v Fischer*, 111 AD3d 1005, 1005-1006 [2013]). We have considered petitioner's remaining arguments and find that they are either unpreserved for our review or lacking in merit.

Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.