██ In the Matter of TONY HARRISON, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [55 NYS3d 498]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assaulting an inmate, attempting to force another to engage in a sexual act, engaging in violent conduct, possessing contraband, destroying state property and altering state property. The charges stem from an investigation that concluded that petitioner removed the plastic edging from a table at the correctional facility, fashioned the edging into a makeshift garrote which he placed around the neck of the victim, a fellow inmate, and sexually assaulted him. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's contention, the misbehavior report, investigative reports and other related documentation, as well as the testimony at the hearing, provide substantial evidence to support the determination of guilt (*see Matter of Johnson v Fischer*, 84 AD3d 1623, 1623 [2011]; *Matter of Johnson v Goord*, 249 AD2d 617, 618 [1998]). Petitioner's assertion that he was medically incapable of engaging in any of the alleged conduct created a credibility issue for the Hearing Officer to resolve (*see Matter of Rodriguez v Fischer*, 115 AD3d 1104, 1105 [2014]).

Contrary to petitioner's contention, the misbehavior report complied with the timeliness requirement of 7 NYCRR 251-3.1 (a) that it be written as soon as practicable inasmuch as it was issued once the investigation into petitioner's conduct was complete (*see Matter of Legeros v Annucci*, 147 AD3d 1175, 1176 [2017]). We are also unpersuaded by petitioner's contention that he was denied the right to call the victim of the assault as a witness. The record reflects that the victim executed a refusal form indicating that he was physically and sexually assaulted by petitioner and did not want to testify. No further inquiry by the Hearing Officer was required (*see Matter of*

*Cortorreal v Annucci*, 28 NY3d 54, 59 [2016]). Petitioner also contends that he was improperly denied various documents. To the extent that the documents existed, the record reflects that the Hearing Officer provided petitioner with the documents that were relevant and not redundant in terms of testimony and other documentary evidence already presented (*see Matter of Gren v Annucci*, 119 AD3d 1307, 1308 [2014]; *Matter of Toliver v New York State Commr. of Corr. & Community Supervision*, 114 AD3d 987, 987 [2014]).

Petitioner also asserts that the Hearing Officer was biased and should have recused himself from presiding over the hearing because petitioner requested the Hearing Officer as a witness to testify about a recent administrative segregation hearing over which the Hearing Officer presided. We find petitioner's contention without merit inasmuch as "the Hearing Officer had no involvement in the investigation of the incident and there is no evidence of bias" (*Matter of Olutosin v Fischer*, 98 AD3d 1178, 1179 [2012], *lv denied* 20 NY3d 855 [2013]). Petitioner's remaining contentions, including that the hearing was untimely and that he received inadequate employee assistance, have been reviewed and found to be without merit.

McCarthy, J.P., Lynch, Rose, Clark and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.