Matter of Small v Department of Corr. & Community Supervision (2019 NY Slip Op 06038)





Matter of Small v Department of Corr. & Community Supervision


2019 NY Slip Op 06038


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

527902

[*1]In the Matter of ANTHONY SMALL, Petitioner,
v
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ANTHONY J. ANNUCCI, COMMISSIONER, Respondent.

Calendar Date: June 21, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Anthony Small, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Based upon an investigation that included the use of a confidential informant, petitioner was charged in a misbehavior report with assaulting an inmate by punching him in the mouth and causing a minimally displaced fracture to his jaw. Following a tier III hearing, petitioner was found guilty of that charge and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We are unpersuaded by petitioner's contention that he was improperly denied the right to call the victim of the assault without further inquiry from the Hearing Officer. The record does not reflect that the victim ever agreed to testify. Further, after petitioner requested the victim as a witness, the record reveals that a correction officer inquired of the victim whether he would testify, but the victim refused, signing a witness refusal form. As such, the Hearing Officer was not required to make any further inquiry (see Matter of Ortiz v Annucci, 163 AD3d 1383, 1385 [2018]; Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [2017]; Matter of Harrison v Venettozzi, 150 AD3d 1508, 1509 [2017], lv denied 30 NY3d 901 [2017]).
To the extent that petitioner challenges the confidential information, the record establishes that the information received was [*2]sufficiently detailed and corroborated for the Hearing Officer to independently assess its reliability (see Matter of Latson v Annucci, 171 AD3d 1319, 1320 [2019]; Matter of Sumter v Annucci, 168 AD3d 1306, 1307 [2019]). The confidential information, together with the misbehavior report, related documentation and the hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Sumter v Annucci, 168 AD3d at 1307; Matter of Ellison v Annucci, 142 AD3d 1233, 1234 [2016]).
Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.