Matter of Lebron v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 07051)





Matter of Lebron v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 07051


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

533238
[*1]In the Matter of Angel Lebron, Petitioner,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:November 12, 2021

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Angel Lebron, Wappingers Falls, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting staff, creating a disturbance, interfering with an employee, engaging in violent conduct and refusing a direct order. According to the misbehavior report, petitioner, who was an incarcerated individual at the time of the alleged incident but has subsequently been released from custody, was ordered by a correction officer to secure a washcloth that he was carrying in his pocket while in line at the clinic medication window. The misbehavior report further states that, when petitioner was thereafter ordered to place his hands on the wall for a pat frisk, he took an aggressive stance and struck the correction officer in the upper chest with a closed fist, prompting the correction officer to use force against petitioner in order to prevent further injury and gain petitioner's compliance. Following a tier III disciplinary rehearing,[FN1] petitioner was found guilty of all charges. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.
To the extent that petitioner contends that the determination is not supported by substantial evidence, the misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Randolph v Annucci, 190 AD3d 1196, 1197 [2021]; Matter of Cornelius v Fischer, 98 AD3d 779, 780 [2012]). Petitioner's denial that he assaulted the correction officer and his testimony that it was he who was assaulted presented a credibility issue for the Hearing Officer to resolve (see Matter of Land v Annucci, 156 AD3d 1103, 1104 [2017]; Matter of Walker v Fischer, 108 AD3d 999, 1000 [2013]).
Turning to petitioner's procedural objections, we agree with petitioner that the Hearing Officer erred in denying his request to review medical records of the assaulted correction officer's injuries absent a showing that it would jeopardize institutional security. Such evidence, although not dispositive, was relevant (see Matter of Cody v Goord, 17 AD3d 943, 944 [2005]). Nevertheless, we deem such error to be harmless as the Hearing Officer did not rely on the subject medical records in reaching the determination of guilt (see Matter of Radcliffe v Annucci, 157 AD3d 1177, 1179 [2018]; Matter of Wright v Fischer, 98 AD3d 759, 759-760 [2012]; Matter of Malik v Bezio, 76 AD3d 1128, 1128-1129 [2010]). Furthermore, the fact that the Hearing Officer curtailed petitioner's questioning of witnesses as to the nature of the correction officer's injuries did not violate petitioner's constitutional due process rights "since an [incarcerated individual] in a disciplinary proceeding does not have [*2]a constitutional right to confront or cross-examine witnesses" (Matter of Dumpson v Mann, 225 AD2d 809, 811 [1996], lv denied 88 NY2d 805 [1996]; see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119 [1995]). Petitioner's contention that he was improperly denied the right to call certain incarcerated individuals as witnesses is also without merit as each of those potential witnesses — none of whom previously agreed to testify — provided signed witness refusal forms indicating sufficient reasons why they did not wish to testify (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Randolph v Annucci, 190 AD3d at 1197). We have reviewed petitioner's remaining contentions, including that the Hearing Officer was biased, and find them to be without merit.
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The initial hearing was reversed because petitioner had been denied certain relevant requested documents and a rehearing was ordered.