Matter of Johnson v Howard (2025 NY Slip Op 01694)

Matter of Johnson v Howard

2025 NY Slip Op 01694

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-24-1172
[*1]In the Matter of Leroy Johnson, Petitioner,
v
David Howard, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date:February 7, 2025

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Leroy Johnson, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with harassment of medical staff and stalking. The charges stem from petitioner, while in the medical facility on two consecutive days, questioning medical staff about personal information regarding a female nurse. Following a tier II disciplinary hearing, petitioner was found guilty of both charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that substantial evidence does not support the charge of stalking. Accordingly, we annul that part of the determination, but need not remit the matter for a redetermination of the penalty since it has been completed and no loss of good time was imposed (see Matter of Rose v Lilley, 205 AD3d 1187, 1188 [3d Dept 2022]). We reach a different conclusion regarding that part of the determination finding petitioner guilty of harassment. The misbehavior report, supporting documentation and testimony at the hearing provide substantial evidence supporting the determination of guilt as to that charge (see Matter of Shoga v Fischer, 118 AD3d 1232, 1233 [3d Dept 2014]; Matter of Wells v Dubray, 53 AD3d 966, 967 [3d Dept 2008]). We are satisfied that petitioner's questioning of two staff members on consecutive days, during separate medical call-outs, about information that was unrelated to the medical visits but related to personal information about a female nurse falls within the disciplinary rule prohibiting harassment (see 7 NYCRR 270.2 [B] [8] [ii]) and petitioner's reliance on the Penal Law elements of harassment is not applicable (see Matter of Lott v Goord, 273 AD2d 572, 573 [3d Dept 2000]). We have reviewed petitioner's remaining contentions, including that he was improperly denied a material witness and that the determination was in violation of the Humane Alternatives to Long-Term Solitary Confinement Act (Correction Law § 137 [6] [i] [i], [ii], as amended by L 2021, ch 93, § 5), and find them to be without merit.
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stalking; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.